# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed February 24, 1913.

I. TANENBAUM SON & CO., A BODY CORPORATE, DULY INCORPORATED UNDER THE LAWS OF THE STATE OF NEW YORK,

VS.

WILLIAM MASON SHEHAN, INSURANCE COMMISSIONER OF THE STATE OF MARYLAND.

*A. C. Binswanger* for petitioner.
*Arthur D. Foster* for the respondent.

ELLIOTT, J.—

This case has been instituted by the Petitioner, a body corporate, to compel, by writ of mandamus, the issuance to it of a license to act as an insurance broker in the State of Maryland.

The issue of such license has been refused, and is opposed by the respondent, because as he alleges in his answer, such license "is issuable to an individual or individuals, and not to an artificial person or corporate entity," and that a reasonable construction of the insurance laws of Maryland do not authorize the issuance of a license to a corporation.

The question before the Court is, therefore, as to what is a reasonable construction of our insurance laws, as they relate to the granting of licenses to act as insurance broker.

Article 23, sec. 219, provides as follows:

"Any person applying for the same and paying to the insurance commissioner the sum of one hundred dollars for the use of the State, and an additional sum of one dollar as a fee to the said commissioner for issuing said license, may obtain a license for carrying on the business of an insurance broker, and no license shall be issued to permit more than one person or the members of a bona fide co-partnership to act thereunder."

Does the use of the word "person" exclude a corporation?

Article 1, sec. 14, of the Code of Public General Laws is as follows:

"The word person shall include corporation, unless such a construction would be unreasonable."

These two sections taken together would seem to answer the question now before the Court.

If it would be unreasonable construction to substitute "corporation" for "person" in Section 219 of Article 23, then the petition must be dismissed.

If, however, such a substitution would be a reasonable construction, the mandamus must issue.

It is to be noted that one of the principal objects of license laws is to produce revenue, and it is reasonable to construe such laws in a way to produce revenue.

If it were true, therefore, that the law was so drawn as to require that each person acting as an insurance broker should take out a separate license, under which he alone could act, it would be unreasonable to construe the law so that a number of persons could act under the same license, as would certainly be the case if the license were issued to a corporation, because such a construction would be to defeat the revenue feature of the law.

Such was the express provision of the Act of 1894, Chapter 377, codified as Section 143B of Article 23.

But the Act of 1894 has been repealed and in its stead Section 219 of Article 23 has been passed, permitting the members of a bona fide co-partnership to act under the same license.

It is possible, therefore, under the present law, for the individual members of a bona fide co-partnership, by taking out a license, in the name of such co-partnership, paying the same license fee which would be required of an individual applicant, to act as insurance brokers, and if such is the law, it would seem to be difficult to discover any reason why the officers or employees of a corporation could not act under a license granted to the corporation.

There is, therefore, nothing unreasonable in such a construction of Section 219 as to make a license to a corporation, to act as insurance broker, possible.

The order for mandamus will issue.